UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MELVIN HODGES,

              Petitioner,

  v.

UNITED STATES OF AMERICA,

              Respondent.

CASE NO. C16-1521JLR

ORDER DENYING PETITION
TO VACATE SENTENCE
UNDER 28 U.S.C. § 2255

## I. INTRODUCTION

Before the court is Petitioner Melvin Hodges's motion to vacate his sentence under 28 U.S.C. § 2255. (Pet. (Dkt. # 1).) The court has reviewed Mr. Hodges's petition, Respondent United States of America's ("the Government") answer (Answer (Dkt. # 8)), Mr. Hodges's reply (Reply (Dkt. # 10)), the supplemental memoranda of both parties

//

//

//

(Hodges Supp. (Dkt. # 14); US Supp. (Dkt. # 15)), the relevant portions of the record, and the applicable law. Being fully advised,[1] the court denies Mr. Hodges's petition.

## II. BACKGROUND & ANALYSIS

On September 28, 2016, Mr. Hodges filed a motion to vacate his sentence under 28 U.S.C. § 2255. (*See* Pet.) Mr. Hodges asserts that he was improperly sentenced as a career offender under § 4B1.2(a) of the United States Sentencing Guidelines ("USSG" or "Guidelines"). (*See id.* at 2-4.) Mr. Hodges bases his argument on *Johnson v. United States*, 578 U.S. ---, 135 S. Ct. 2551, 2557-58 (2015), in which the Supreme Court held that the "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague, and therefore void under the Due Process Clause of the Fifth Amendment.[2] Citing *Johnson*, Mr. Hodges argues that the identically worded residual clause of USSG § 4B1.2(a)(2) is also unconstitutionally vague and that his sentence should be vacated and corrected. (*See* Pet. at 4-5.)

On March 8, 2017, after the parties had fully briefed Mr. Hodges's petition (*see* Answer; Reply), the Government filed a notice of supplemental authority citing *Beckles v. United States*, --- U.S. ---, 137 S. Ct. 886 (2017). (Notice (Dkt. # 11).) In *Beckles*, the Supreme Court specifically considered the issue at the heart of Mr. Hodges's petition—whether the Court's vagueness holding in *Johnson* applies to the residual clause of the

---

[1] No evidentiary hearing or discovery is required in this case because "the files and records . . . conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Further, Mr. Hodges has not requested an evidentiary hearing or any discovery.

[2] In *Welch v. United States*, the Supreme Court held "that *Johnson* is retroactive in cases on collateral review." 578 U.S. ---, 136 S. Ct. 1257, 1265 (2016).

Guidelines. 137 S. Ct. at 891-92 ("To resolve a conflict among the Courts of Appeals on the question whether *Johnson*'s vagueness holding applies to the residual clause in § 4B1.2(a) of the Guidelines, we granted certiorari." (footnote omitted)). The Supreme Court held that "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause," and "[t]he residual clause in [USSG] § 4B1.2(a)(2) therefore is not void for vagueness." 137 S. Ct at 894. The Government argues that *Beckles* requires that the court deny Mr. Hodges's motion. (Notice at 2.)

Mr. Hodges filed a response to the Government's notice of supplemental authority in which he asked the court to defer ruling on his 28 U.S.C. § 2255 petition until after he filed a supplemental memorandum as to why *Beckles* does not control the outcome of his petition. (Resp. to Notice (Dkt. # 12).) The court ordered Mr. Hodges to file his supplemental memorandum no later than March 15, 2017, and permitted the Government to file a supplemental memorandum as well. (3/13/17 Order (Dkt. # 13).) Both Mr. Hodges and the Government timely filed their supplemental responsive memoranda (Hodges Supp. (Dkt. # 14); US Supp. (Dkt. # 15)), and the court now considers Mr. Hodges's 28 U.S.C § 2255 petition in light of the parties' original briefing and these supplemental submissions.

Mr. Hodges argues that *Beckles* does not control the outcome of his case because the discretionary nature of the Guidelines was critical to the Supreme Court's decision. (Hodges Supp. at 1.) Mr. Hodges posits that the *Beckles* holding does not apply to his petition because he was sentenced prior to *United States v. Booker*, 543 U.S. 220 (2005), when the Guidelines were mandatory rather than advisory or discretionary. (*Id.*) Mr.

Hodges relies on language in the *Beckles* opinion that refers to the Guidelines as "advisory" or "discretionary" at least 40 times. (*Id.* at 2 (citing *Beckles* repeatedly).) Indeed, in her concurring opinion, Justice Sotomayor recognizes that the distinction the majority made between mandatory and advisory rules "at least leaves open the question whether defendants sentenced to terms of imprisonment before our decision in . . . *Booker* . . .—that is, during the period in which the Guidelines *did* 'fix the permissible range of sentences'—may mount vagueness attacks on their sentences." *Beckles*, 137 S. Ct. at 903, n.4 (Sotomayor, J., concurring in the judgment) (quoting the majority opinion at 137 S. Ct. at 892). Neither Justice Sotomayor nor the majority, however, stated any position on that issue's "appropriate resolution." *Id.*

Mr. Hodges was sentenced on November 19, 1999, before the Supreme Court's decision in *Booker*, which held that the Guidelines are advisory, not mandatory. 543 U.S at 249-53. As noted above, *Beckles* held that the *advisory* Guidelines are not subject to a due process vagueness challenge under the Fifth Amendment. *See* 137 S. Ct. at 894. Therefore, the holding in *Beckles* does not bar Mr. Hodges's vagueness challenge to USSG § 4B1.2(a). *See United States v. Ojeda*, No. 8:01CR196, 2017 WL 1495981, at *2 (D. Neb. Apr. 26, 2017).

Nevertheless, Mr. Hodges's petition is time-barred. A prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States" may petition the court "to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Section 2255(f) requires that all § 2255 petitions be filed within one year of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Mr. Hodges asserts that Subsection (f)(3) provides the appropriate gateway for his petition. (Pet. at 32.) Therefore, to succeed on his claim, Mr. Hodges must identify and assert a "right [to a corrected sentence] . . . newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

Prior to the Supreme Court's ruling in *Beckles*, many courts considering *Johnson* challenges to the residual clause of the Guidelines passed by the gatekeeping function of § 2255(f)(3) and proceeded directly to the merits—often because the Government conceded the point. *See United States v. Molesky*, No. 2:08-CR-0147-LRS-1, 2016 WL 6902402, at *5 (E.D. Wash. Nov. 23, 2016) (citing cases); *United States v. Mason*, No. 2:10-CR-0080-LRS-1, 2016 WL 6803098, at *3 (E.D. Wash. Nov. 16, 2016) (citing cases). Under 28 U.S.C. § 2255(f)(3), however, the Supreme Court—not this court— must provide the initial recognition of the new rule. The Supreme Court has not yet done so. Indeed, the *Johnson* Court explicitly distinguished the ACCA and unequivocally rejected the suggestion that its decision called into question the residual clauses in

"dozens of federal and state criminal laws" using similar terms. *Johnson*, 135 S. Ct. at 2561 ("The Government and the dissent next point out that dozens of federal and state criminal laws use terms like 'substantial risk,' 'grave risk,' and 'unreasonable risk,' suggesting that to hold the residual clause unconstitutional is to place these provisions in constitutional doubt. . . . Not at all."). The Supreme Court confirmed this position in *Welch v. United States*, --- U.S. ---, 136 S. Ct. 1257 (2016), stating: "The Court's analysis in *Johnson* thus cast no doubt on the many laws that 'require gauging the riskiness of conduct in which an individual defendant engages on a particular occasion.'" *Id.* at 1262 (quoting *Johnson*, 135 S. Ct. at 2561).

As *Beckles* clarified, "[t]he advisory sentencing Guidelines are not subject to vagueness challenges under the Due Process Clause." *United States v. Andrews*, No. 15-10030, 2017 WL 1433316, at *1 (9th Cir. Apr. 24, 2017) (citing *Beckles*, 137 S. Ct. at 890). Nevertheless, the Supreme Court may still decide that the Guidelines as they were applied prior to *Booker* are subject to a vagueness challenge based on the Court's analysis in *Johnson*. Section 2255(f)(3), however, requires that the recognition of such a rule "come from the Supreme Court, not from this court." *Mason*, 2016 WL 6803398, at *4 (underlining omitted). In the context of Mr. Hodges's § 2255 petition, this court may only consider claims falling within *Johnson* as the Supreme Court has newly recognized and made retroactively applicable to cases on collateral review. *See* 28 U.S.C. § 2255(f)(3). However, Mr. Hodges seeks to extend, not apply, the rule announced in *Johnson*. Until further pronouncement of the Supreme Court concerning the applicability of *Johnson* to the Guidelines as they were applied prior to *Booker*, Mr. Hodges's

collateral attack on the residual clause in USSG § 4B1.2(a)(2) does not meet the requirements of 28 U.S.C. § 2255(f)(3).

### III. CONCLUSION

For the reasons stated, the court DENIES Mr. Hodges's petition (Dkt. #1) to vacate his sentence under 28 U.S.C. § 2255. The court, however, recognizes that reasonable jurists could "debate whether . . . the petition should have been resolved in a different manner," *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000), and therefore grants a certificate of appealability on the issue of whether Mr. Hodges's motion falls within the scope of 28 U.S.C. § 2255(f)(3).

Dated this 2nd day of May, 2017.

JAMES L. ROBART
United States District Judge